ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL XI

| OLGA ÁLVAREZ RÍOS; Y OTROS<br><br>Recurrente<br><br>v.<br><br>ADMINISTRACIÓN DE COMPENSACIONES POR ACCIDENTES DE AUTOMÓVILES<br><br>Recurrido | TA2025RA00404 | *Revisión Administrativa* procedente de la Administración de Compensaciones por Accidentes de Automóviles (ACAA)<br><br>Caso Núm.: ACAA-Diferencial-001<br><br>Sobre: Diferencial |

Panel integrado por su presidenta, la Jueza Rivera Marchand, la Jueza Mateu Meléndez, la Jueza Boria Vizcarrondo y el Juez Robles Adorno

Rivera Marchand, Jueza Ponente

**SENTENCIA**

En San Juan, Puerto Rico, a 29 de enero de 2026.

Comparecen ante esta Curia, Olga Álvarez Ríos; Nitza Jaime Espinosa; Idermis Martínez Martínez; Milagros Morales Echevarría; Yesenia Riquelme Acevedo; y Cecilia Sánchez Ruiz (Recurrentes) mediante la presente *Solicitud de Revisión Administrativa.* Imploran que revoquemos la *Resolución Final* que la Administración de Compensaciones por Accidentes de Automóviles (ACAA o Recurrida) dictó y notificó, el 21 de octubre de 2025, a través de la cual, desestimó la *Apelación* instada ante el foro administrativo.

Por los fundamentos que expondremos a continuación, revocamos el dictamen recurrido.

**I.**

Surge del expediente que, el 25 de marzo de 2024, la Junta de Supervisión y Administración Financiera (JSAF) aprobó un nuevo Plan de Clasificación y Estructura Salarial (Plan de Clasificación) para los empleados de carrera de la ACAA, el cual se hizo retroactivo

al 1 de julio de 2023.[1] En reacción, durante los meses de abril y mayo de 2024, las Recurrentes impugnaron individualmente su reclasificación y asignación retributiva, ante el Comité Revisor de la ACAA. Ello, por entender que las funciones que realizan son propias de una escala retributiva más alta.

Evaluados los referidos petitorios, el Comité Revisor emitió un informe de *Recomendación Final* para cada una de las Recurrentes. Particularmente en cuanto a la Sra. Olga L. Álvarez Ríos, el Comité Revisor recomendó que sea reclasificada al nivel III del puesto de Administradora de Sistema de Oficina, sin que lo antes conlleve un impacto salarial ya que su salario actual en el nivel II es mayor al salario mínimo del nivel III. En cuanto a las demás Recurrentes, el Comité Revisor concluyó que su clasificación y retribución estaba sustentada y justificada en las funciones que realizan. Ahora bien, en cuanto a las tareas que todas las Recurrentes ejercen sobre la preparación y defensa del presupuesto, el Comité Revisor reconoció que estas no forman parte de las responsabilidades de sus puestos y, por tanto, recomendó a la agencia concederles un diferencial a esos efectos.

En atención a lo anterior, mediante una comunicación fechada el 28 de agosto de 2024,[2] el Director Ejecutivo de la ACAA informó individualmente a las Recurrentes su determinación. Surge de la carta dirigida a la Sra. Olga L. Álvarez Ríos que, el Director Ejecutivo obvió la recomendación del Comité Revisor de reclasificarla a un nivel superior, sin expresar fundamento o criterio alguno para no hacerlo. Más bien, dispuso haber acogido favorablemente la recomendación del Comité Revisor en cuanto a la clasificación y asignación retributiva de cada una de las Recurrentes.

---

[1] Nótese que, dentro del Plan de Clasificación, crearon el puesto de Recaudador Oficial a cargo de planificar, coordinar y revisar las actividades atinentes a la recaudación de dinero por servicios prestados a la ACAA.

[2] Cabe señalar que, únicamente, la carta dirigida a la señora Yesenia Riquelme Acevedo, consta fechada el 8 de octubre de 2024.

A lo anterior se añade que, el Director Ejecutivo guardó silencio en cuanto a la concesión del diferencial que recomendó el Comité Revisor. Advirtió a las Recurrentes que, de no estar de acuerdo con su determinación, podían incoar una solicitud de apelación ante el Juez Administrativo de la ACAA, dentro del término de treinta (30) días de haber sido notificadas.

A esos efectos, el 25 de agosto de 2025, las Recurrentes instaron una *Apelación* ante el Juez Administrativo. Arguyeron que, desde que se hizo efectivo el Plan de Clasificación, han realizado funciones de recaudo que no corresponden a su puesto, que requieren de un adiestramiento y de un conocimiento de múltiples sistemas, normas y procedimientos de recaudos, sin recibir remuneración a tales efectos. A su entender, la negativa de la ACAA de pagarles por las funciones de recaudos, que durante años han realizado, atenta contra el principio de igual paga por igual trabajo y constituye un enriquecimiento injusto de la agencia. Resultado de lo antes, reclamaron la concesión del diferencial, según recomendó el Comité Revisor.

Separadamente, el 15 de septiembre de 2025, las Recurrentes Presentaron una *Moción en Torno a Jurisdicción del Juez Administrativo,* mediante la cual, invocaron el Artículo 18.2 del Reglamento de Personal para los Empleados Gerenciales de la Administración de Compensaciones por Accidentes de Automóviles (Reglamento de la ACAA) para sustentar que dicho foro administrativo goza de jurisdicción para atender una reclamación de salario.

En respuesta, la Recurrida instó una *Moción en Cumplimiento de Orden, Contestación a la Apelación y en Solicitud de Desestimación por Falta de Jurisdicción.* Además de negar las alegaciones en su contra, destacamos algunas de las defensas afirmativas invocadas:

5. La ACAA ha sido tan diligente en reconocer las gestiones de las empleadas para que se les pague el diferencial por las funciones de recaudación, que le ofreció a las empleadas un

> diferencial por condiciones extraordinarias, con carácter prospectivo, en lo que la Junta de Supervisión Fiscal aprueba el planteamiento de creación de clase de puesto y asignación a una escala retributiva mayor.
> 6. Se requiere autorización de la Oficina de Gerencia [y] Presupuesto (OGP) [para] la concesión de pagos de diferencial, de cualquier tipo, de conformidad con la Carta Circular Núm. 117-14 de la OGP.
> 7. Los pagos de diferencial, de cualquier tipo, no pueden ser pagados de manera retroactiva, siempre son de carácter prospectivo.
> [8.] La Parte Apelante no puede ir en contra de sus propios actos.[3]

La Recurrida fundamentó su petitorio desestimatorio en que, de ordinario, las reclamaciones sobre diferenciales no son de la jurisdicción de la Oficina del Juez Administrativo de la ACAA.

Evaluado lo anterior, la ACAA notificó el dictamen recurrido, en el cual, dispuso que carece de jurisdicción para adjudicar el reclamo de las Recurrentes sobre el pago de un diferencial. A pesar de que reconoció que hubo una negociación entre las partes de un diferencial, adujo que ello no se concretizó ni se consumó. Añadió que, tales ofrecimientos "son insuficientes para crear la exigencia de derecho adquirido legítimo en el patrimonio de la parte apelante."[4] Dispuso que, los diferenciales son discrecionales y representan una compensación especial y separada del salario regular, a tenor del Artículo 13.2(h) del Reglamento de la ACAA. Además, la agencia recurrida resolvió que, el asunto objeto de este pleito no es una reclamación salarial y que las Recurrentes carecían de un derecho adquirido sobre el diferencial, por tratarse de "una mera expectativa o 'esperanza' del derecho".[5]

Sustentado en la falta de jurisdicción, la ACAA desestimó la *Apelación* de las Recurrentes y ordenó el cierre y archivo del asunto ante sí. Apercibió a las Recurrentes sobre su derecho a instar una solicitud de reconsideración ante el Juez Administrativo, de forma discrecional, o acudir directamente ante este Tribunal en revisión judicial.

---

[3] Entrada Núm. 6, pág. 2.
[4] *Resolución Final,* pág. 4.
[5] *Íd.*

En cumplimiento con ello, el 10 de noviembre de 2025, las Recurrentes instaron un petitorio de reconsideración ante el Juez Administrativo. Invocaron las Secciones 18.1 y 18.2 del Reglamento de la ACAA para demostrar que el Juez Administrativo posee jurisdicción para atender su reclamo. Además, cuestionaron la actuación de la ACAA de adjudicar esta causa sin haber celebrado una vista administrativa, coartando su derecho a ser escuchadas.

En respuesta, el 13 de noviembre de 2025, la ACAA notificó su *Resolución Final en Reconsideración.* Se reafirmó en que la agencia recurrida carece de jurisdicción para entretener los reclamos de las Recurrentes. En su defecto, señaló que el Artículo 11(b)(vii) de la Ley Núm. 66-2014, Ley Especial de Sostenibilidad Fiscal y Operacional del Gobierno del Estado Libre Asociado de Puerto Rico, desautorizó conceder diferenciales por interinatos hasta tanto la Oficina de Gerencia y Presupuesto lo autorice. Sobre tales bases, denegó el petitorio de reconsideración de las Recurrentes.

En desacuerdo, las Recurrentes instan el recurso de epígrafe en donde argumentan como único error lo siguiente:

> Erró el Juez Administrativo de la ACAA al resolver que el reclamo de las recurrentes se trata de una mera expectativa o "esperanza" del derecho y desestimar la apelación de epígrafe sin la celebración de una vista en sus méritos.

En cumplimiento con nuestra *Resolución,* la ACAA compareció mediante su *Alegato en Oposición.* Con el beneficio de las posturas de ambas partes, resolvemos.

## II.

### A. La Revisión Judicial y la Doctrina de la Deferencia Judicial

La Sección 4.1 de la Ley Núm. 38-2017, Ley de Procedimiento Administrativo Uniforme del Gobierno de Puerto Rico (LPAU), 3 LPRA sec. 9671, dispone que las decisiones administrativas pueden ser revisadas por el Tribunal de Apelaciones. Ahora bien, en el ejercicio de tal facultad, el foro apelativo está obligado a ser deferente a las determinaciones de los organismos administrativos,

en consideración a la experiencia y al conocimiento especializado que estas poseen sobre los asuntos que le fueron delegados. *Katiria's Café, Inc. v. Municipio Autónomo de San Juan,* 2025 TSPR 33, resuelto el 27 de marzo de 2025. Al mismo tiempo, esta facultad revisora delimita la discreción de los organismos administrativos, a modo de asegurar que estos ejerzan sus funciones dentro de los márgenes de las facultades que le fueron delegadas por ley. *Vázquez y otro v. Consejo de Titulares y Junta de Directores del Condominio Los Corales y otros,* 2025 TSPR 56, resuelto el 21 de mayo de 2025.[6] Por último, permite a los foros judiciales velar que los entes administrativos den cumplimiento a los mandatos constitucionales, en especial, al debido proceso de ley. *Voilí Voilá Corp. et al. v. Mun. Guaynabo,* 213 DPR 743 (2024).

Como se sabe, las agencias administrativas son -en muchas ocasiones- los primeros intérpretes de las leyes que rigen el ejercicio de su ministerio. *Buxó Santiago v. Oficina de Ética Gubernamental,* 2024 TSPR 130, resuelto el 10 de diciembre de 2024. Ahora bien, son los tribunales los que gozan de facultad para interpretar las leyes y la Constitución. *Íd.* Por consiguiente, ante una interpretación de la agencia que produzca resultados incompatibles o contrarios a su política pública o a su propósito interpretado, la deferencia cede ante la interpretación administrativa. *Íd.* Entiéndase que, los foros judiciales no tienen que ser deferentes ante la interpretación de derecho que realice un organismo administrativo, sencillamente porque la legislación es ambigua. *Vázquez y otro v. Consejo de Titulares y Junta de Directores del Condominio Los Corales y otros,* supra.

Por lo tanto, al revisar una actuación de una agencia administrativa, el criterio rector es la razonabilidad. *Katiria's Café, Inc. v. Municipio Autónomo de San Juan,* supra. De manera que, procede la revisión judicial cuando el organismo administrativo haya

---

[6] Véase, además, *Jusino Rodríguez v. Junta de Retiro del Gobierno de Puerto Rico,* 2024 TSPR 138, resuelto el 26 de diciembre de 2024.

actuado de forma arbitraria, ilegal, irrazonable o que haya abusado de su discreción. *Íd.*

A tono con lo anterior, la Sección 4.5 de la LPAU, 3 LPRA sec. 9675, y su jurisprudencia interpretativa limitan la revisión judicial a tres (3) aspectos: (1) si es apropiado el remedio concedido; (2) si las determinaciones de hechos están basadas en evidencia sustancial; (3) si las conclusiones de derecho fueron correctas. *Íd.* De conformidad, a tenor de la Sección 3.14 de la LPAU, 3 LPRA sec. 9654, el dictamen final del ente administrativo sujeto a revisión judicial ha de contener la advertencia sobre el derecho a solicitar reconsideración o revisión judicial, adicional a las determinaciones de hechos y a las conclusiones de derecho. *Íd.*

Como vemos, al ejercer su facultad revisora, los tribunales no pueden descartar de forma absoluta el dictamen administrativo, sin antes haber examinado la totalidad del expediente y haber determinado que la agencia actuó irrazonablemente al ejercer su discreción administrativa. *Voilí Voilá Corp. et al. v. Mun. Guaynabo,* supra. Al mismo tiempo, el Tribunal Supremo ha resuelto con igual firmeza que, los tribunales no podemos imprimirle un sello de corrección, so pretexto de deferencia, a las determinaciones o interpretaciones administrativas irrazonables, ilegales, o simplemente contrarias a derecho. *Íd*; *Super Asphalt v. AFI y otro*, 206 DPR 803 (2021).

Por otro lado, la citada Sección 4.5 de la LPAU, *supra*, dispone que "[l]as conclusiones de derecho serán revisables en todos sus aspectos por el tribunal". *Vázquez y otro v. Consejo de Titulares y Junta de Directores del Condominio Los Corales y otros,* supra. Aun así, se sustituirá el criterio de la agencia cuando no se pueda hallar fundamento racional que explique o justifique el dictamen administrativo. *Rolón Martínez v. Supte. Policía*, 201 DPR 26, 36 (2018). Por ende, "los tribunales deben darle peso y deferencia a las interpretaciones que la agencia realice de aquellas leyes particulares que administra". *Íd.* Lo anterior responde a la vasta

experiencia y al conocimiento especializado o *expertise* que tienen las agencias sobre los asuntos que le son encomendados. *Capó Cruz v. Jta Planificación et al.,* 204 DPR 581 (2020). Ahora bien, cuando el razonamiento de la agencia sea incompatible o contrario al propósito y a la política pública del estatuto interpretado, los tribunales tienen libertad absoluta de descartar las conclusiones de dicho organismo administrativo, en aras de obtener un resultado sensato, lógico y razonable. *Otero Rivera v. USAA Fed. Savs. Bank,* 214 DPR 473 (2024).

De otra parte, dada la presunción de corrección y regularidad que reviste a las determinaciones de hecho elaboradas por las agencias administrativas, éstas deben ser respetadas mientras la parte que las impugna no produzca evidencia suficiente para derrotarlas. *Transp. Sonnell v. Jta. Subastas ACT,* 214 DPR 633 (2024); *Katiria's Café, Inc. v. Municipio Autónomo de San Juan,* supra. Por lo tanto, si al examinar un dictamen administrativo se determina que: (1) la decisión administrativa no está basada en evidencia sustancial; (2) la agencia erró en la aplicación de la ley; (3) el organismo administrativo actuó de manera irrazonable, arbitraria o ilegalmente; o (4) su actuación lesiona derechos constitucionales fundamentales, entonces la deferencia hacia los procedimientos administrativos cede. *Hernández Feliciano v. Mun. Quebradillas,* 211 DPR 99 (2023).

### B. Debido Proceso de Ley

Bajo nuestro ordenamiento constitucional, sabido es que ninguna persona puede ser privada de su propiedad sin el debido proceso de ley. Art. II, Sec. 7, Const. ELA, LPRA, Tomo 1; Emdas. V y XIV, Const. EE. UU., LPRA, Tomo 1; *Román Ortiz v. OGPe,* 203 DPR 947 (2020). El debido proceso de ley, en la vertiente procesal, exige a los componentes del Estado garantizar que, al interferir con los intereses propietarios de una persona, se cumpla con un procedimiento justo y equitativo. *Íd.* Como corolario de este

mandato constitucional, el Tribunal Supremo de Puerto Rico ha reiterado que los procedimientos adjudicativos deben observar las siguientes garantías mínimas: (1) notificación adecuada del proceso; (2) proceso ante un juez imparcial; (3) oportunidad de ser oído; (4) derecho a contrainterrogar a los testigos y examinar la evidencia presentada en su contra; (5) tener asistencia de un abogado; y (6) que la decisión se base en el récord. *Íd.*

En el ámbito administrativo, el debido proceso de ley no tiene la misma rigidez que en los procedimientos adjudicativos ante los tribunales. *Román Ortiz v. OGPe,* supra. Esto obedece en gran medida a la necesidad que tienen las agencias administrativas de tramitar sus procedimientos de forma expedita y a la pericia que se presume tienen para atender y resolver los asuntos que le han sido delegados. *Íd.* Sin embargo, hemos reiterado que el procedimiento adjudicativo administrativo debe de ser justo en todas sus etapas y tiene que ceñirse a las garantías mínimas del debido proceso de ley, conforme al interés involucrado y a la naturaleza del procedimiento que se trate. *Íd.*

### C. Reglamento de Personal para los Empleados Gerenciales de la Administración de Compensaciones por Accidentes de Automóviles

El Reglamento de la ACAA contempla los derechos y deberes de los empleados gerenciales de carrera y de confianza de dicha agencia y establece el proceso adjudicativo que estos deben cumplir para vindicar sus derechos. En lo pertinente, la Sección 18.1 del Reglamento de la ACAA faculta al Juez Administrativo para "resolver y adjudicar todas las quejas, querellas, reclamaciones o apelaciones que radiquen los empleados cubiertos por este Reglamento en relación con los derechos concedidos por la legislación y reglamentación aplicable."

Relacionado a su jurisdicción, la Sección 18.2(a) del citado reglamento dispone lo siguiente:

> El Juez Administrativo tendrá jurisdicción para ventilar apelaciones de decisiones tomadas por la autoridad nominadora en relación con las áreas esenciales al principio del mérito, con querellas por motivos de discrimen, por

alegaciones de hostigamiento sexual en el empleo, de reclamaciones de salarios, de reclamaciones por negativa a establecer un acomodo razonable para un impedido cualificado, apelaciones relacionadas con sanciones disciplinarias impuestas a los empleados, de conformidad con el Reglamento de Conducta y Procedimiento Disciplinario y aquellas otras quejas o querellas que a juicio del Juez Administrativo afecten los derechos adquiridos de los empleados del servicio de carrera y de confianza de la ACAA. El Juez Administrativo no tendrá jurisdicción para ventilar querellas o asuntos relacionados con la concesión o no concesión de pasos por mérito.

Sobre los mecanismos de revisión de los dictámenes del Juez Administrativo, la Sección 18.3 del Reglamento de la ACAA provee a la parte adversamente afectada por una resolución, orden parcial o final, como remedio discrecional, solicitar reconsideración ante el Juez Administrativo, previo a acudir en revisión judicial ante el Tribunal de Apelaciones.

En lo que concierne al derecho procesal de los empleados a una vista administrativa informal, la Sección 5.73 del Reglamento de la ACAA concede a los empleados la oportunidad de ser oído si su reclamo guarda relación con su empleo. A esos fines la citada disposición establece: "[l]a oportunidad que tiene un empleado para ser oído con relación a cualquier formulación de cargos, o en relación son una cesantía, las cuales pudieran resultar en su amonestación, suspensión, separación o destitución, o en cualquier reclamación relacionada con su empleo en la agencia." De manera que, por virtud de tal disposición reglamentaria, los empleados tendrán derecho a la celebración de una vista informal siempre que su reclamo guarde relación con su cargo laboral.

**III.**

En su recurso, las Recurrentes cuestionan la determinación de la ACAA de decretarse sin jurisdicción para atender la reclamación del pago de un diferencial como compensación por las funciones de recaudadoras que realizan, que no corresponden a su puesto como Administradoras de Sistema de Oficina. Lo antes, sin la ACAA concederles la oportunidad de ser escuchadas durante la celebración de una vista administrativa. Argumentan que, el Reglamento de la ACAA regula, entre otros, la clasificación de

puestos, la retribución de empleados y la concesión de diferenciales, por lo cual, el Juez Administrativo posee facultad para atender su reclamación de salarios, por virtud de la Sección 18.2 del citado reglamento.

En su alegato, la ACAA discute que el diferencial constituye una compensación especial separada del salario, cuya concesión es de la facultad discrecional del Director Ejecutivo. Fundamentado en ello, arguye que el Juez Administrativo carece de jurisdicción para imponer un diferencial interviniendo así con la discreción de la autoridad nominadora. Añade que, una mera expectativa o esperanza de un derecho a un diferencial no constituye un interés propietario que dé paso a que se les garantice una vista administrativa, puesto que, solo ante la privación de un interés propietario se activa tal derecho. No tiene razón.

En virtud de la Sección 5.73 del Reglamento de la ACAA antes citada, las Recurrentes tienen derecho a ser escuchadas en una vista administrativa informal, debido a que, su reclamo sobre el pago de un diferencial a cambio de sus labores de recaudación es un asunto vinculado a su empleo en la ACAA. Sobre tales bases dictaminamos que, la ACAA incidió al no cumplir con las garantías procesales y negar a las Recurrentes su derecho a una vista informal.

En lo atinente a los remedios disponibles para cuestionar la determinación de la agencia, la *Recomendación Final* que suscribió el Comité Revisor a cada Recurrente lee:

> [s]e recomienda se refiera al Departamento de Recursos Humanos y Relaciones Laborales para la evaluación y análisis correspondiente de un diferencial por las funciones que realiza como recaudadora.[7]

---

[7] En algunas de las notificaciones del Comité Revisor, este párrafo reza: "[e]n cuanto a la asignación de funciones relacionadas a la Recaudación se recomienda que se considere incluir una asignación dentro de la clasificación que recoja de alguna forma la colaboración con el Departamento de Finanzas y que se le asigne una retribución extraordinaria (Diferencial) por esas funciones o en su alternativa que el asunto se refiera al departamento de Recursos Humanos para que se trabaje administrativamente la concesión de un diferencial por esas funciones adicionales que no forman parte de las funciones del puesto al que fue reclasificada."

Por lo que se recomienda al Director Ejecutivo notificar al empleado la determinación final y conclusiones del Comité Revisor.

**Advertencia**: La Autoridad Nominadora deberá incluir en la notificación final la advertencia donde se le instruya al empleado el foro correspondiente para acudir en apelación a la determinación final notificada y el término de días calendarios contados a partir del recibo de la notificación. (Énfasis en el original.)

No obstante, lo anterior, al suscribir su determinación acogiendo la recomendación del Comité Revisor, el Director Ejecutivo de la ACAA orientó a las Recurrentes sobre el siguiente trámite revisorio:

De usted no estar de acuerdo con la determinación tomada y notificada, usted puede recurrir mediante solicitud de apelación **ante el Juez Administrativo** de la ACAA dentro del término de 30 días calendarios a partir del recibo de la notificación. (Énfasis nuestro.)

De conformidad, las Recurrentes instaron su escrito de *Apelación* **ante la Oficina del Juez Administrativo**. Invocaron la Carta Normativa Núm. 2-2023 de la Oficina de Administración y Transformación de los Recursos Humanos sobre las *Normas para establecer el proceso para la otorgación de diferenciales en el servicio de carrera del Gobierno Central, conforme a la Ley Núm. 8-2017 y a la nueva estructura salarial.* Ello, para exponer que existe una política pública en Puerto Rico de que los trabajadores deben recibir un tratamiento justo y equitativo a la hora de que se les fijen sus sueldos y formas de retribución. Reiteran que -desde que entró en vigor el Plan de Clasificación- han estado ejerciendo funciones de recaudación que no forman parte de las responsabilidades y remuneración de su clasificación. A raíz de la recomendación del Comité Revisor de la ACAA, la Recurrentes -por vez primera- solicitaron el pago de un diferencial en su *Apelación* ante el Juez Administrativo.

Evaluado lo antes, el Juez Administrativo se catalogó sin jurisdicción y desestimó la *Apelación* de las Recurrentes. Resolvió que las Recurrentes no poseen un derecho adquirido sobre el pago de un diferencial. Puntualizó que el Director Ejecutivo, dentro de su

discreción, optó por no concederles tal compensación especial. Como apercibimiento, el Juez Administrativo dispuso en el dictamen recurrido lo siguiente: "[l]a parte adversamente afectada por una resolución, u orden parcial o final, podrá solicitar reconsideración ante el Juez Administrativo dentro de los veinte (20) días jurisdiccionales contados desde la notificación de la resolución. Esta solicitud de reconsideración ante el Juez Administrativo es discrecional. No se requiere su presentación para solicitar revisión judicial al Tribunal de Apelaciones. [...]"

Cabe recordar que previamente, en su comunicación fechada el 28 de agosto de 2024, el Director Ejecutivo de la ACAA había advertido a las Recurrentes que, de no estar de acuerdo con su dictamen, podían recurrir en apelación ante el Juez Administrativo. Luego, en contra de sus propios actos,[8] la ACAA -por voz del Juez Administrativo- se catalogó sin jurisdicción para adjudicar la procedencia del diferencial.

Analizado el tracto procesal, a la luz de la normativa antes citada concluimos que, el Juez Administrativo incidió al acoger la recomendación del Comité Revisor de forma parcial y, en contra de sus propios actos, considerarse sin jurisdicción para adjudicar la procedencia del pago de un diferencial. Resulta necesario que la ACAA asuma jurisdicción y adjudique si procede o no conceder a las Recurrentes el diferencial solicitado, a modo de que, exista un dictamen final de la agencia que sea revisable. El error señalado se cometió.

De otra parte, observamos que la ACAA no incluyó referencia alguna sobre la posible jurisdicción de la Comisión Apelativa del Servicio Público (CASP) como el foro para atender apelaciones de empleados públicos que cuestionen acciones o decisiones de las agencias u organismos gubernamentales sobre cuestiones obrero-

---

[8] *Rivera et al. v. Torres et al.,* 214 DPR 111, 171-172 (2024).

patronales relacionados a los asuntos salariales y diferenciales.[9] Lo antes, previo a recurrir en revisión judicial ante esta Curia. La agencia recurrida deberá revisar la corrección y suficiencia de las notificaciones y los apercibimientos correspondientes para que se cumpla el debido proceso de ley en aras de garantizar un acceso a la justicia.

## IV.

Por los fundamentos discutidos, revocamos la *Resolución Final* de la ACAA y devolvemos este asunto ante la agencia recurrida a los efectos de que cumpla con lo aquí ordenado. Lo antes no prejuzga cualquier asunto ulterior o pendiente ante la atención de la ACAA.

Lo acordó el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones

---

[9] Véase, Ley Núm. 8-2017, Ley para la Administración y Transformación de los Recursos Humanos en el Gobierno de Puerto Rico, 3 LPRA secs. 1469 *et seq.*, y el Plan de Reorganización Núm. 2 de 2010, conocido como el Plan de Reorganización de la Comisión Apelativa del Servicio Público, 3 LPRA Ap. XIII.